[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant ex-parte restraining order was issued on August 6, 1993, which provided inter alia that the respondent (hereinafter "defendant") be restrained from entering the family home at 660 Whittemore Road, Middlebury, Connecticut. CT Page 11075 The matter was scheduled for a hearing on August 16, 1993, and thereafter continued for various reasons until the hearing was commenced before the undersigned on November 24, 1993. On three separate days of hearings, the court heard testimony from the petitioner (hereinafter "plaintiff"), the defendant and Officer France of the Middlebury Police Department.
The parties made the court aware of a companion matter (FA 93-0116840) involving these parties in which the parties seek a dissolution of this marriage. The return day of the dissolution matter is September, 1993 and therefore it may be claimed for the trial list virtually at any time this month. The defendant, nonetheless, wishes to test the validity of the ex-parte restraining order which has precluded him from entering his home and which, he claims, prevents him from utilizing his "studio" necessary to pursue his career as an artist.
The plaintiff testified that prior to July 16, 1993, the defendant had been abusive to her physically, verbally, and emotionally. She testified that on July 16, the defendant struck her during an argument. She has introduced pictures of herself which she said were taken by her father a week or so after the incident, which show a bruise to her arm and leg. The defendant does not deny there was an argument on July 16, 1993, but claims it was caused because of evidence he claimed to have found involving the infidelity of the plaintiff. The defendant, in his testimony, denies that he "hit" the plaintiff, but does admit that he did "nudge" her on her arm. The police were called on that day, but the court thereafter only issued a partial restraining order. The defendant did return to the family home and stayed there until July 28, 1993, when he voluntarily left for Florida. The plaintiff applied for and received this restraining order on August 6, 1993, when the defendant was in Florida. The defendant returned soon thereafter and seeks to dissolve this present order.
The plaintiff testifies that the defendant is a "drinker", that his drinking has been getting progressively worse over the term of the marriage, that he uses foul language in arguments with her and in the presence of their two minor daughters, ages seven and eleven. She claims that he has abused her physically on several occasions, in addition to the July 16 incident, and that the police have been called on other occasions. The defendant claims the plaintiff is also a "drinker" and that she, as well as he, has "D.W.I" convictions. In addition, the CT Page 11076 defendant suspects the plaintiff of infidelity. The plaintiff denies the infidelity and claims that the defendant does not understand that her work as a salesperson involves some socializing with male customers.
The plaintiff seeks an extension of the restraining order presently in effect. In order for the court to continue the orders as requested, it must find there was "family violence" as defined by Connecticut General Statutes 46b-38a. The court does find that in the present case, there was sufficient evidence to establish not only past incidents of "family violence" but also sufficient evidence to determine that there is a present danger to the plaintiff and the likelihood that physical violence will occur in the future. The plaintiff has testified that she is in fear and afraid that her husband will physically abuse her in the future. The court accepts her testimony that she is in present fear of physical harm. Her fear is not entirely imagined. The court does believe that the incident of July 16, 1993 was an occasion of family violence. The court finds that the defendant did more that "nudge" her and that he, in fact, struck her as she testified, and which was corroborated by the photographs. The court also accepts the testimony of the plaintiff that there were incidents of physical abuse in the past. The court further finds that there were many incidents of "arguments" in the past. The defendant testified that he left the family home in July and went to Florida voluntarily "so there would not be any further conflict"
It appears the divorce proceeding is about to enter the battle stage. The defendant believes that the plaintiff is and has been unfaithful. The plaintiff feels the defendant is an alcoholic and unable to earn a livelihood. One would not have to possess supernatural powers to predict that to put these two people under the same roof would certainly create an occasion where physical violence is very likely to occur. The court finds that based on the testimony of the plaintiff, there have been incidents of physical violence, and incidents of verbal abuse and arguments in the past and up and until the date Mr. Dean moved from the house in late July 1993. The court finds that there is a present danger of physical violence and that there is a likelihood that violence will occur in the future, should the defendant be permitted to move back into the house. In addition, there was no testimony presented which would indicate that the volatile situation that existed in late July has in any way subsided. From the observations the court has CT Page 11077 made of the demeanor of both parties, and listening to their respective stories and their characterizations of the actions of their respective spouse, the court has concluded that the animosity that exists in both parties has, in fact, increased to the present date.
For the reason stated above, the court will extend the existing restraining order under the same conditions previously ordered, including but not limited to the order excluding the defendant from entering the home at 660 Whittemore Road, Middlebury, Connecticut, for a period of ninety days. The defendant shall have the right nonetheless to enter said premises, with and in the company of a peace officer, to retrieve any of his "art" tools or equipment.
PELLEGRINO, J.